UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PARTICIA KENNEDY, Individually,

      Plaintiff,

v.                                                                                  Case No.

NENA MESA 10th LLC, a Florida Limited Liability Company; TACOS AL CARBON OF GREENACRES INC., a Florida for-profit Corporation; JRG FOOD INC., a Florida for-profit Corporation d/b/a GREENACRES DISCOUNT FOOD; and THE YANKEE CLIPPER HAIR SALON, INC., a Florida for-profit Corporation d/b/a THE YANKEE CLIPPER HAIR SALON,

      Defendants.
_____/

**COMPLAINT**
(Injunctive Relief Demanded)

      Plaintiff, PATRICIA KENNEDY, Individually, on her behalf and on behalf of all other individuals similarly situated, (the "Plaintiff"), hereby sue the Defendants, NENA MESA 10th LLC, a Florida Limited Liability Company; TACOS AL CARBON OF GREENACRES INC., a Florida for-profit Corporation; JRG FOOD INC., a Florida for-profit Corporation d/b/a GREENACRES DISCOUNT FOOD; and THE YANKEE CLIPPER HAIR SALON, INC., a Florida for- profit Corporation, (sometimes referred to as "Defendant" or "Defendants") for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq*. ("ADA") and Florida Accessibility Code ("FAC").

1.    Plaintiff, PATRICIA KENNEDY, is a resident of Broward County, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is unable to engage

1

in the major life activity of walking. Instead, Plaintiff is bound to ambulate in a wheelchair and/or scooter. Plaintiff also has difficulty operating mechanisms or controls that require grasping, twisting of the wrist, or pinching. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered their safety.

2. Defendants own, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns, operates, leases or leases to is located at 5380-5392 10th Avenue N., Greenacres, Florida 33463 in the County of Palm Beach.

3. Venue is properly located in the Southern District because venue lies in the judicial district of the property *situs*. The Defendants' property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. §§ 1331 and 28 U.S.C. 1343, this Court has been given original jurisdiction over actions which arise from the Defendants violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq*. See also 28 U.S.C. §2201 and §2202.

5. Defendant, NENA MESA 10th LLC, a Florida Limited Liability Company, owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR §§36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA and FAC. The place of public accommodation that the Defendant owns, operates, leases or leases to is a Shopping Plaza located at 5380 10th

Avenue N., Greenacres, Florida 33463 in the County of Palm Beach and known within the community as Park Plaza.

6.   Defendant, TACOS AL CARBON OF GREENACRES INC., a Florida for-profit Corporation, owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR §§36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA and FAC. The place of public accommodation that the Defendant owns, operates, leases or leases to is located at 5380 10th Avenue N., Greenacres, Florida 33463 in the County of Palm Beach and known within the community as Tacos Al Carbon.

7.   Defendant, JRG FOOD INC., a Florida for-profit Corporation d/b/a GREENACRES DISCOUNT FOOD, owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR §§36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA and FAC. The place of public accommodation that the Defendant owns, operates, leases or leases to is located at 5390 10th Avenue N., Greenacres, Florida 33463 in the County of Palm Beach and is known within the community as Greenacres Discount Food.

8.   Defendant, THE YANKEE CLIPPER HAIR SALON, INC., a Florida for- profit Corporation d/b/a THE YANKEE CLIPPER HAIR SALON, owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR §§36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA and FAC. The place of public accommodation that the Defendant owns, operates, leases or leases to is located at 5392 10th Avenue N., Greenacres, Florida 33463 in the County of Palm Beach and is known within the community as The Yankee Clipper Hair Salon.

9. To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"), the owner, lessor, lessee, or operator has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182. To the extent that the property, or portions thereof, were constructed prior to January 26, 1993 ("newly constructed facility"), the owner, lessor, lessee, or operator was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183. Furthermore, To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facility"), the owner, lessor, lessee, or operator was under an obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

10. Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG"). Pursuant to 28 C.F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

11. Defendants have discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. §12182 *et seq*.

12. Also, Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA and FAC by failing to, *inter alia*, have accessible facilities by

January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

13.    Specifically, a preliminary inspection of the property has shown that violations exist. These violations include, but are not limited to:

   i.   Defendant fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

   ii.  Defendant fails to maintain its features to ensure that they are readily accessible and usable by the disabled.

   iii. There is a lack of compliant, accessible route connecting the disabled parking spaces with all the goods, services and facilities of the property, with excessive slopes, non-compliant curb approaches and ramps, narrow passageways, obstructions, improper door hardware, inaccessible doorways.

   iv.  There is an insufficient number of compliant parking spaces and access aisles, with excessive slopes, non-compliant signage, improper markings.

   v.   There are non-compliant restrooms, with non-compliant doorways, improper door hardware, inaccessible commodes, missing grab bars, lack of compliant grab bars, inaccessible sinks, improper sink hardware, insufficient maneuvering space, obstructions, improperly located amenities, unwrapped pipes, poorly wrapped pipes.

14.    Further, the discriminatory violations described in paragraph 13 are not an exclusive list of the Defendants' ADA violations.  Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff has been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.  The Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this

discriminatory situation, Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

15. Plaintiff has visited the property, which forms the basis of this lawsuit and plans to return to the property to avail her of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant.  The Plaintiff has encountered barriers at the subject property, which discriminates against her on the basis of his disability.

16. In the alternative, Plaintiff is an advocate of the rights of similarly situated disabled persons and are "testers" for the purpose of asserting their civil rights and monitoring, ensuring, and determining that places of public accommodation are in compliance with the ADA.

17. The violations present at Defendant's facility create a hazard to Plaintiff's safety.

18. Plaintiff is continuously aware of the violations at Defendants' facility and is aware that it would be a futile gesture to return to the property as long as those violations exist unless they are willing to suffer additional discrimination.

19. The violations present at Defendants' facility infringe Plaintiff's right to travel free of discrimination.  Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's facility.  By continuing to operate a place of public accommodation with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.  By encountering the discriminatory conditions at Defendant's facility, and knowing that it would be a futile gesture to return unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily

available to the general public and is deterred and discouraged from additional travel. By maintaining a public accommodation with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public.

20. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

21. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this Complaint. Plaintiff has reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

22. Moreover, Defendants continue to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

23. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that

have existed prior to January 26, 1992, 28 CFR §36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR §36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR §36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

24. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. §12205 and 28 CFR §36.505.

25. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendants.

26. Pursuant to 42 U.S.C. §12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to require the Defendants to alter to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants' cure its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

      a.      The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*

      b.      Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

      c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. §12205.

      d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: July 23, 2015

      Respectfully submitted,

By: /s/ Jason F. Valentin, Esq.\_\_\_\_\_
Jason F. Valentin, Esq., Of-Counsel
Fla. Bar No.: 97356
Thomas B. Bacon, P.A.
1888 N.W. 7th Street
Miami, Florida 33125
Tel: (914) 618-2653
Fax: (305) 643-3334
E-mail: valentin@thomasbaconlaw.com

*Counsel for Plaintiff*
Thomas B. Bacon, Esq.
Fla. Bar No.: 139262
Thomas B. Bacon, P.A
4868 S.W. 103rd Ave.
Cooper City, Florida, 33328
Tel: (954) 478-7811
Fax: (954) 237-1990
E-Mail: tbb@thomasbaconlaw.com